UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHERINE A. ZUCCO,

                              Plaintiff,

                                                               DECISION AND ORDER

                                                                  10-CV-6664L

             v.

AUTO ZONE, INC.,

                              Defendant.
_____

       Plaintiff Catherine A. Zucco ("Plaintiff"), brings this action against her employer, defendant Auto Zone, Inc. alleging sexual harassment and discrimination based on sex. Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted and the plaintiff's complaint is dismissed.

## BACKGROUND

       Plaintiff first alleges that in August of 2007, Commercial Parts Manager David Chessis ("Chessis") threw a pair of heavy car rotors into the aisle and told her to pick them up. Afterwards, plaintiff avers that a meeting was held regarding the "outburst" and that her "hours seemed to vary greatly not long after."

       Plaintiff next alleges that, starting in March of 2009, Store Manager Robert Cummings ("Cummings") began using the woman's bathroom. She alleges that she asked him to keep the bathroom clean and that he did not comply. Furthermore, in April, plaintiff alleges Cummings left a tabloid entitled "Pussy Whipped" across from the toilet in the women's bathroom.

In June of 2009, plaintiff alleges that when she gave Cummings a copy of her vacation day requests for the following three months, he stated that to obtain August 7th off in particular, she would have to supply him with documentation of airline or hotel reservations as proof. Plaintiff allegedly informed him that she did not think this was appropriate.

On August 5, 2009, plaintiff alleges that she returned a truck with half to a quarter tank of gas and informed Commercial Manager Damien Bryant ("Bryant") who "told [her] not to worry" about it. At the end of the day, however, driver Tom Marriott ("Marriott") allegedly went to take the truck out and then came back into the store to complain about the low gas level to plaintiff in front of several other coworkers. Bryant then allegedly told plaintiff to "go put away parts and make [herself] useful or just punch out and go home" because she was "on [his] time now."

Also in August of 2009, plaintiff alleges that Cummings reproached her on a couple of occasions in front of other coworkers stating "if you have time to lean, you have time to clean," telling her that if he saw her cell phone he would fire her, and bringing her a dust pan and broom stating, "Cathy, I just got you some new friends."

Furthermore, plaintiff also alleges that on Auto Zone stores' "What it Takes to do the Job Right" evaluations she received consistently high scores for assisting customers, "being helpful and doing [her] job."

## DISCUSSION

**I. Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering whether a pleading is legally sufficient, the court must accept all well-pleaded facts as true and draw all reasonable inferences in the pleader's favor. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 578 (2007). However, this presumption of truth does not extend to legal

conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). The standard for motions to dismiss requires the plaintiff's pleading to set forth sufficient facts to establish the claim's legal plausibility on its face. *See Twombly*, 550 U.S. at 570. Ultimately, where a plaintiff has not "nudged their claim[] across the line from conceivable to plausible, their complaint must be dismissed." *See id.*

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153 at *5 (N.D.N.Y. Oct. 22, 2008) (citing *Jacobs v. Mostow*, 271 Fed. Appx. 85, 87 (2d Cir. 2008). At the same time, however, the Court is mindful that even after *Twombly*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)) (additional internal quotation marks omitted).

## II. Plaintiff's Claims

### A. Hostile Work Environment/Sexual Harassment Claim

It is well settled that in order to prevail on hostile work environment claim under Title VII, a plaintiff must demonstrate that his workplace was permeated with "discriminatory intimidation, ridicule, and insult ... sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and show a specific basis for imputing the conduct that created the hostile work environment to his employer. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted). Nonetheless, "Title VII is not a general civility code," *Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999) (internal quotations omitted), and sporadic, isolated incidents of "boorish

or offensive use of language" are insufficient to establish a hostile work environment. *Benette v. Cinemark U.S.A., Inc.*, 295 F. Supp. 2d 243, 251 (W.D.N.Y. 2003); *See also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (harassment must be severely threatening or humiliating to rise to the level of a hostile work environment); *Kotcher v. Rosa & Sullivan Appliance Ctr.*, 957 F.2d 59, 62 (2d Cir. 1992) ("incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief"). Furthermore, whether a work environment is hostile or abusive is an objective test based on the totality of the circumstances. *Harris*, 510 U.S. at 23.

Here, plaintiff alleges that over a period of more than two years, a few employees of Auto Zone, made disparaging remarks, that a male used the female restroom, and she was asked for proof of hotel reservations or airline tickets in order to receive vacation time. These allegations simply do not describe a series of repeated, continuous, threatening or humiliating incidents necessary to establish a claim of a hostile work environment.  These incidents, whether considered separately or together, fall far short of stating viable claims.  Plaintiff's hostile work environment claim is therefore dismissed.

**B. Sex Discrimination Claim**

To allege a prima facie case of sex discrimination under Title VII, a plaintiff must demonstrate that: (1) she was within the protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination. *See Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009). Sex discrimination claims brought pursuant to the HRL are analyzed under the same Title VII framework. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n. 1 (2d Cir. 2000).

The first two elements of plaintiff's prima facie case are not in dispute for the purpose of this motion. However, plaintiff has failed to identify any "adverse employment action" sufficient to satisfy the third element of a sex discrimination claim. An adverse employment action must be

"more disruptive than a mere inconvenience or an alteration of job responsibilities." *Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). Here, plaintiff alleges only that her "hours seemed to vary greatly" after a meeting about Chessis' conduct. Plaintiff does not allege that the change in hours caused her any inconvenience, or that she was given fewer hours, less desirable shifts, or that she complained about her work schedule in any way. To the contrary, plaintiff avers that she "like[s her] job and . . . want[s] to continue to work for Auto Zone, Inc." (Dkt. 1, ¶ 6). As such, plaintiff has alleged no adverse employment action.

Furthermore, plaintiff has failed to allege any facts which demonstrate that defendants' actions were in any way based upon her gender. Thus, plaintiff's sex discrimination claim must be dismissed.

## **CONCLUSION**

Defendant's motion to dismiss (Dkt. # 12) is granted, and the complaint is dismissed.

Plaintiff's motion to amend the complaint to name AutoZoners LLC as the defendant (Dkt. # 18) and plaintiff's motion to compel (Dkt. #26) are denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      August 2, 2011.